**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MICHELE SCARANTINO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CASE NO: _____ |
| | § | **JURY TRIAL DEMANDED** |
| KHOU-TV, INC., TEGNA, INC., | § | |
| TEGNA NATIONAL SALES & | § | |
| FINANCE, LLC, AND TEGNA | § | |
| ENTERPRISES, LLC, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF THE COURT:

Plaintiff, MICHELE SCARANTINO, hereby sues Defendant, KHOU-TV, INC, TEGNA, INC., TEGNA NATIONAL SALES & FINANCE, LLC, AND TEGNA ENTERPRISES, LLC, and for cause would show the following:

**I. PARTIES**

Plaintiff, MICHELE SCARANTINO ("Plaintiff" or "Ms. Scarantino"), is a resident of the State of Texas and resides in Bexar County, Texas.

Defendant KHOU-TV, INC ("KHOU" or "Defendant") is a foreign for-profit corporation and may be served by serving its registered agent, CT Corporation System, at 1999 Bryan St. Suite 900, Dallas, Texas 75201.

Defendant TEGNA, INC., is a foreign for-profit corporation and may be served by serving its registered agent, CT Corporation System, at 1999 Bryan St. Suite 900, Dallas, Texas 75201.

Defendant, TEGNA NATIONAL SALES & FINANCE LLC, is a foreign for-profit corporation and may be served by serving its registered agent, CT Corporation System, at 1999 Bryan St. Suite 900, Dallas, Texas 75201.

Defendant, TEGNA ENTERPRISES LLC, is a foreign for-profit corporation and may be served by serving its registered agent, CT Corporation System, at 1999 Bryan St. Suite 900, Dallas, Texas 75201.

## II. JURISDICTION AND VENUE

This court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343. Venue properly lies within the Southern District of Texas under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## III. PREREQUISITES TO FILING SUIT

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission January 21, 2022. The Commission issued its Notice of Right to Sue on November 2, 2022. All administrative and procedural prerequisites to filing this suit have been satisfied.

## IV. FACTS

Ms. Scarantino began her employment with KHOU-TV, INC, in May of 2014. She was hired as a photographer and camera person.

Defendant KHOU-TV is either owned by one or more of the other Defendants (TEGNA, INC., TEGNA NATIONAL SALES & FINANCE, LLC, AND TEGNA ENTERPRISES, LLC), or is operated by one or more of these other Defendants under an assumed name.

On September 24, 2021, Ms. Scarantino informed Defendant KHOU of her sincerely held religious beliefs that conflicted with Defendant KHOU's vaccination requirement, requesting a

religious accommodation. Specifically, Ms. Scarantino informed KHOU that her pro-life convictions as a life-long Catholic believer in the Lord Jesus Christ prevented her from accepting a substance into her body that was either produced or developed with the aid of aborted fetal cell lines. A copy of Ms. Scarantino's religious exemption request is attached hereto as Exhibit "A".

On November 8, 2021, KHOU informed Ms. Scarantino that her request for a religious exemption due to her sincerely held religious beliefs had been denied, stating,

> **Your job requires you to be involved in a variety of situations and assignments in which you have to interact with community members. Several venues are only permitting entrance for fully vaccinated press/public. Your job is not predictable and we need you to be ready and able to cover any event/news. You need to be able to partner with other colleagues in close proximity (cars/events). As we return to regular business operations, an accommodation is not feasible for your role.**

KHOU refused to engage in the interactive process in order to determine the sincerity of Ms. Scarantino's beliefs, made no attempt to question the religious nature of her beliefs, and failed to explore avenues for finding a reasonable accommodation for Plaintiff's conflicting beliefs.

On November 11, 2021, only three days after denying her request, KHOU terminated Plaintiff's employment.

## V. CAUSE OF ACTION
### COUNT I
### Violation of the 42 U.S.C. § 2000e-2, et seq.
### Religious discrimination—failure to accommodate

Plaintiff restates the foregoing paragraphs as if set forth fully herein.

Plaintiff timely informed Defendants of Plaintiff's conflicting sincerely held religious beliefs that prevented her from accepting the Covid-19 vaccine into her body.

Defendant KHOU failed to engage in the interactive process with Plaintiff in order to evaluate either the sincerity or the religious nature of Plaintiff's conflicting beliefs. In fact,

3

Defendants never questioned Plaintiff's beliefs. Accordingly, Plaintiff carried her *prima facie* burden of establishing the sincerity and religious nature of her conflicting beliefs.

Defendants failed to carry its burden of establishing that it either offered a reasonable accommodation for Plaintiff's conflicting and sincerely held religious beliefs, or that they were unable to do so without incurring more than a *de minimis* cost.

In providing its reason for denying Plaintiff's request for a religious accommodation, Defendants falsely stated that it was unable to continue to employ Plaintiff even though Defendants had continued to employ Plaintiff during the entire duration of the pandemic up to that point. Accordingly, Defendants' explanations as to why continuing to employ Plaintiff would impose an undue burden on Defendants were false and were made with knowledge of their falsity.

By failing to engage in the interactive process in order to evaluate the sincerity or religious nature of Plaintiff's conflicting beliefs, and by failing to offer a reasonable accommodation, Defendants discriminated against Plaintiff on the basis of Plaintiff's religion in violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964.

By knowingly stating false or fabricated reasons as to why Plaintiff's unvaccinated status would impose an undue burden of Defendants' business operations, Defendants acted recklessly and in conscious disregard of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, supporting an award of punitive damages.

## COUNT II
### Violation of the 42 U.S.C. § 2000e-2, et seq.
### Religious discrimination—retaliation

Plaintiff restates the foregoing paragraphs as if set forth fully herein.

Plaintiff engaged in protected activity when she requested a religious accommodation from Defendants' vaccine mandate.

Defendants responded to Plaintiff's protected activity by terminating her. This constituted a materially adverse employment action that was intended to force Plaintiff to forgo her religious convictions for not receiving the COVID-19 vaccine and might well have dissuaded other employees from asserting their religious rights.

Plaintiff's conflicting religious beliefs and protected activity were the causes of Defendants' adverse employment action.

By retaliating against Plaintiff for engaging in protected activity, Defendants violated Title VII of the Civil Rights Act of 1964.

## VI. DAMAGES

### A.   Compensatory Damages:

By terminating Plaintiff, Defendants caused Plaintiff to incur compensatory damages in an amount in excess of the jurisdictional limits of this Court. Plaintiff has suffered past and future lost wages, past and future loss of earnings capacity, lost benefits, past and future mental anguish, inconvenience, and loss of enjoyment of life as a direct result of Defendants' unlawful actions against her.  Plaintiff suffered these injuries as the result of Defendants' actions and in all reasonable probability will continue to suffer these injuries in the future.

### B.   Punitive Damages:

Because Defendants terminated Plaintiff under false pretenses as set out above, Defendants acted recklessly, maliciously, and in conscious disregard of Plaintiff's rights, authorizing punitive damages.

## VII.  ATTORNEYS FEES

Plaintiff requests this Court award him reasonable and necessary attorney fees and costs. Plaintiff retained the Woodfill Law Firm, PC, to represent him in this action and has agreed to pay reasonable and necessary attorney's fees.

**WHEREFORE**, Plaintiff, MICHELE SCARANTINO, respectfully requests that the Court cite Defendants, KHOU-TV, INC,  TEGNA, INC., TEGNA NATIONAL SALES & FINANCE, LLC, AND TEGNA ENTERPRISES, LLC, to appear and answer herein, that the Court, after final trial hereof,

A. Declare that Defendants violated Title VII by failing to engage in the interactive process in response to requests for a religious accommodation to its COVID-19 vaccine mandate.

B. Declare that Defendants violated Title VII by discriminating against its employee by failing to offer reasonable accommodations to its COVID-19 vaccine mandate.

C. Declare that Defendants violated Title VII by retaliating against an employee who engaged in protected activity.

D. Award Plaintiff damages, including back pay, front pay, pre-judgment and post-judgment interest, punitive damages, and compensatory damages, and such other and further relief, at law and at equity, to which Plaintiff may show herself entitled.

Respectfully submitted,

**WOODFILL LAW FIRM, P.C.**

*/s/ Jared Woodfill*
Jared R. Woodfill
Texas Bar Number 00788715
Federal Bar Number 17069
Email: woodfillservice@gmail.com (service only)
Email: jwoodfill@woodfilllaw.com (non-service only)
3 Riverway, Suite 750
Houston, Texas 77056

(713) 751-3080 Telephone
(713) 751-3058 Facsimile
***Attorneys for Plaintiff***